**SIGNED this 08th day of November, 2007.**

*Craig A. Gargotta*

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RAMBO IMAGING, L.L.P.,** | § | **CASE NO. 07-11190-FRM** |
| | § | |
| **Alleged Debtor.** | § | **Chapter 7** |

**MEMORANDUM OPINION**
**ON DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION**

Strasburger & Price, LLP ("Petitioner") filed an Involuntary Petition under Chapter 7 against the alleged Debtor, Rambo Imaging, L.L.P. ("Debtor" or "Movant") on July 2, 2007. On July 23, 2007, the Debtor filed a "Motion to Dismiss Pursuant to Rule 12" (the "Motion" or the "Motion to Dismiss"). On August 10, 2007, Petitioner filed a Response to the Motion. After Movant's request for a continuance was granted, the Motion to Dismiss was heard by the Court on October 2, 2007.

Movant raises three grounds for the relief it requests. Two of those, having to do with sufficiency of service and of process of service, had been cured as of the date of the hearing. The third, which Movant identifies in the Motion as arising under 11 U.S.C. § 303(b)(1), challenges whether the claim of the sole petitioner in this case is subject to a "bona fide dispute." Movant alleges several bases for that dispute, including that it was not a party to the contract(s) with

Petitioner (because less than the required number of partners authorized the Petitioner's retention by the Debtor), that Petitioner's services were substandard and so, presumably, not worth the amount charged, and that the debt is subject to the defense that it was incurred under duress.

### Identification of the Authority for Movant's Request for Relief

Critical at this juncture of these involuntary proceedings, however, is the fact that the Motion to Dismiss by its terms is brought under Rule 12 of the Federal Rules of Civil Procedure.  It does not identify under which subsection of that Rule the Motion is brought.  At the hearing Movant's counsel did state that the Motion was brought under both Rule 12(b), as a motion to dismiss (without identifying which of the grounds listed in that subsection applied), and under Rule 12(c), as a motion for judgment on the pleadings.

Federal Rule of Bankruptcy Procedure 1011(b) expressly provides that FRCP 12 applies to involuntary petitions ("Defenses and objections; when presented.  Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P.").  Rule 12, of course, allows not only several types of dispositive motions to be filed, but also provides for the filing of an answer.  In fact, after filing its Motion to Dismiss the Debtor on September 6, 2007, also filed an Original Answer and Counterclaim Subject to Debtor's Motion to Dismiss Under Rule 12.

A reference in Rule 1011(c), however, makes it abundantly clear that at least Rule 12(b) motions to dismiss may be brought with respect to an involuntary petition.  *See* Fed.R.Bankr.P. 1011(c) ("Service of a motion under Rule 12(b) F.R.Civ.P. shall extend the time for filing and serving a responsive pleading as permitted by Rule 12(a) F.R.Civ.P.").  Debtor's Motion to Dismiss is, therefore, properly brought under Rule 12(b).

A motion to dismiss under Rule 12(b) can be based on any of several grounds stated in that Rule–dismissal for lack of subject matter jurisdiction; for lack of personal jurisdiction; for improper venue; for insufficiency of process; for insufficiency of service of process; for failure to state a claim

upon which relief can be granted; and for failure to join a necessary party. Unfortunately, Movant failed to specify in the Motion to Dismiss the specific grounds for dismissal in this case, instead merely citing the underlying statute–§ 303(b)(1). Because Petitioner's response to the Motion to Dismiss shows that it assumed that the requested dismissal was based on Rule 12(b)(6), and because Debtor's arguments generally center on the sufficiency of Petitioner's pleading, it seems fair to infer that Debtor contends, under Rule 12(b)(6), that the Petition fails to state a claim upon which relief can be granted. There appears to be no dispute that Movant makes at least that argument.

Debtor's counsel, however, also made references to Petitioner's "standing" to file the involuntary petition. Debtor's argument seems to be that, if Petitioner could not prove each of the requirements in § 303(b) for filing an involuntary petition, it had no standing to file it and this court therefore has no jurisdiction. Such an argument would arise under Rule 12(b)(1), providing for dismissal for lack of subject matter jurisdiction. Whether the Court's subject matter jurisdiction is challenged is important in this case, because unlike when it considers a Rule 12(b)(6) motion, the court in determining a motion to dismiss under Rule 12(b)(1) is not limited to the pleadings but may consider other evidence outside the pleadings. *E.g.,* ***Taylor v. Dam***, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) ("Thus, unlike a motion to dismiss under Rule 12(b)(6), when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court is entitled to consider disputed facts as well as undisputed facts in the record."), *citing* ***Clark v. Tarrant County***, 798 F.2d 736, 741 (5th Cir. 1986); *see also* ***Den Norske Stats Oljeselskap As v. HeereMac V.O.F.***, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied,* 534 U.S. 1127 (2002) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."), *quoting*

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). Movant argues that the Court can and should look beyond the pleadings in deciding its Motion.

Movant's "standing" argument is based on 11 U.S.C. § 303(b). That Section provides, in relevant part:

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--
>
> > (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $13,475 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> > (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $13,475 of such claims . . ..

Movant cites two cases in support of its argument that § 303(b)'s requirements are jurisdictional and require the Court to look beyond the pleadings: *In re Silverman*, 230 B.R. 46 (Bankr. D. N.J. 1998) and *In re Iroquois Brands, Ltd.*, 1991 WL 639359 (Bankr. S.D. Tex.).

In *In re Silverman* the court had granted an alleged debtor's motion to dismiss an involuntary petition, stating that it had found that the petitioner did "not have standing under Code section 303(b)(1) to file an involuntary petition if his claim is the subject of a bona fide dispute." *Id.* at 48. There was no analysis or issue as to the jurisdictional nature, *vel non*, of § 303(b)(1), and no issue as to whether extrinsic evidence should be considered. Instead, the issues that the court actually addressed in the opinion related to the alleged debtor's request for punitive damages under § 303(i).

The decision in *Iroquois Brands* cited by Movant was vacated soon after it was issued. *See In re Iroquois Brands, Ltd.*, No. 91-01018, 1991 WL 639359, 1991 Bankr. LEXIS 1915 (Bankr. S.D. Tex. March 7, 1991), *vacated by* 1991 Bankr. LEXIS 2238 (Bankr. S.D. Tex. May 24, 1991). Even if it were still good law, the original decision in *Iroquois Brands* would be of little relevance here.

4

In that case, the bankruptcy court examined whether the petitioners "had standing" to file the involuntary petition, inasmuch as the indenture agreement under which they held their debentures did not authorize that sort of action by individual debentureholders. It is true that the court spoke in terms of "jurisdiction." *In re Iroquois Brands, Ltd.*, No. 91-01018, 1991 WL 639359, at * 2, 1991 Bankr. LEXIS 1915 at * 5 (Bankr. S.D. Tex. March 7, 1991) ("The issue of lack of standing, one of the bases for Iroquois' Motion to Dismiss, raises the defense of lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1) as made applicable to this proceeding by B.R. 1011."), *vacated by* 1991 Bankr. LEXIS 2238 (Bankr. S.D. Tex. May 24, 1991). It also noted that standing cannot be inferred from the pleadings. *Id.* As in *Silverman*, however, the *Iroquois Brands* court provided no analysis and does not appear to have actually been presented with the issue of whether or not § 303(b)'s requirements are jurisdictional or whether or not extrinsic evidence should be considered, but rather only with the ultimate factual issue of whether or not the petitioning creditors were authorized to file the case. *See id.* 1991 WL 639359, at *3, 1991 Bankr. LEXIS 1915 at * 9 (dismissing the petition and noting that it "need not address . . . whether the petitioners have the requisite status as creditors under 11 U.S.C. § 303").

These two cases suffer from the same analytical flaw as others that speak in terms of jurisdiction when considering standing to file a bankruptcy petition. As the Fifth Circuit Court of Appeals in *In re Phillips*, 844 F.2d 230, 236 n.2 (5th Cir. 1988), concluded, "the courts holding that the issue is not jurisdictional generally have engaged in an analysis of the issue, while the courts holding that it is a matter of jurisdiction have not."

Section 303(b) determines whether a creditor is "eligible" to file the petition. *See* Official Form 5 for an Involuntary Petition (referring to § 303(b) requirements as determining whether the petitioner is "eligible" to file the involuntary petition). In the Fifth Circuit, however, it is clear that "eligibility does not raise an issue of subject matter jurisdiction." *Id.* In *Phillips*, the Court of

5

Appeals addressed a debtor's eligibility under 11 U.S.C. § 109 to file a voluntary petition, but its analysis applies as well to the filing of an involuntary petition:

> [S]ubject matter jurisdiction of the bankruptcy court comes from 28 U.S.C. § 1471 and 28 U.S.C. § 157, which provide that the bankruptcy courts shall have exclusive jurisdiction of all cases arising under Title 11. On the other hand, issues pertaining to whether a debtor meets the requirements of § 109(g)(2) only "determine whether or not the court must dismiss the case. They are factual or legal questions which the court must determine. They are the issues raised by the pleadings. They are defenses not jurisdictional requirements."

*Id.*, *quoting* *In re Johnson*, 13 B.R. 342, 346 (Bankr. D. Minn.1981).  Similarly, in *Abramson v. Boedeker*, 379 F.2d 741, 746 (5th Cir. 1967), in examining an involuntary petition under the Bankruptcy Act, the Court held "that allegations in the wording of the statute, although vulnerable to objection by the debtor-alleged-bankrupt . . ., are not 'jurisdictionally' defective.").

Based on the foregoing, this Court finds that the requirements of § 303(b) are not jurisdictional, and that it does have jurisdiction over this case.  *See also* *In re Bowshier*, 313 B.R. 232, 239 (Bankr. S.D. Ohio 2004) ("The court concludes that section 303 requirements for the filing of an involuntary petition are nonjurisdictional in nature.").  It therefore treats the Motion, to the extent brought under Rule 12(b), solely as a motion to dismiss under Rule 12(b)(6) for failure to state a claim for relief.

Finally, Movant's counsel at the hearing also made reference to the Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c).  Because the analysis under Rule 12(b)(6) presents more complex issues than that under Rule 12(c), the Court will first address the latter.

## Judgment on the Pleadings

Federal Rule of Civil Procedure Rule 12(c) provides, in relevant part, that  "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In this case, the pleadings are not yet closed, inasmuch as the Petitioner's time to reply to the Debtor's counterclaim is tolled by the Petitioner's own Rule 12(b)(6) motion to

dismiss that counterclaim. *See* docket entry # 21, Strasburger & Price's Motion to Dismiss Debtor's Counterclaim; Rule 12(a)(4) ("Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows . . . if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action . . ..").

For that reason, the Court finds that the Motion to Dismiss, to the extent brought under Rule 12(c), should be denied as premature. *See **Nortel Networks Ltd. v. Kyocera Wireless Corp.***, 2002 WL 31114077, *1 n.1 (N.D. Tex.) (holding that motion for judgment on the pleadings was timely since a reply to the defendant's counterclaim had been filed the day before the motion, and noting that "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings."), *quoting* Wright, C.A. & Miller, A.R., **Federal Practice and Procedure** § 1367, at pp. 5012-13 (1990) (footnotes omitted).

Thus, the Court proceeds to determine the Motion solely under Rule 12(b)(6).

### Dismissal for Failure to State a Claim: Whether the Petition Is Deficient on Its Face

In general, consideration of matters beyond the complaint is improper in context of motion to dismiss under Rule 12(b)(6). ***Spivey v. Robertson***, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts . . .."), *cert. denied,* 530 U.S. 1229 (2000). Movant's counsel, in argument at the hearing, expressly acknowledged that Petitioner would expect that the Court was limited to considering only the pleadings in deciding the Motion, as it would ordinarily be in deciding a motion to dismiss for failure to state a claim upon which relief can be granted. Consistent with this Rule

12(b)(6) standard, Movant's threshold argument is that the Petition on its face is so deficient as to require dismissal.

Movant also asserts, however, that the burden of proof at a hearing on a Rule 12(b)(6) motion to dismiss an involuntary petition is that applicable to a "reverse summary judgment," which Movant claims is that the Petitioner must prove that there is absolutely no question regarding the validity and amount of Petitioner's claim, and/or that there is "no more than a scintilla of evidence" and "no dispute as to the law" that supports Petitioner's claim.

The Court rejects this argument. It does agree, however, and the Petitioner in this case concedes, that the latter bears the burden of proof on the Debtor's Motion to Dismiss. However, the Court agrees with Petitioner that, for purposes of a Rule 12(b)(6) motion to dismiss–even when applied to an involuntary petition–the "complaint" is construed in the light most favorable to the "plaintiff," and all facts alleged by it are accepted as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) ("The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff."); *accord, Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Rascon v. Austin I.S.D.,* 2006 WL 2045733, *2 (W.D. Tex.). The "reverse summary judgment" standard urged by the Movant is contrary to these well-established presumptions.

It does appear, however, that the courts' general approach to reviewing the sufficiency of a complaint under Rule 12(b)(6) has recently been "reinterpreted." The standard had been well-established, as described by the Fifth Circuit Court of Appeals:

> Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).

8

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. ***Elliott v. Foufas***, 867 F.2d 877, 880 (5th Cir. 1989). Further, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." ***Oppenheimer v. Prudential Sec. Inc.***, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt* [*v. City of Pasadena*], 561 F.2d [606,] 608 [(5th Cir. 1977)]. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." ***Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.***, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

***Ramming v. United States***, 281 F.3d 158, 161-62 (5th Cir. 2001), *cert. denied sub nom*, ***Cloud v. U.S.***, 536 U.S. 960 (2002); *see also* ***In re Calloway***, 70 B.R. 175, 179 (Bankr. N.D. Ind. 1986) ("As is generally true, motions to dismiss involuntary petitions pursuant to Bankruptcy Rule 1011(b) and Fed.R.Civ.P. 12(b) are disfavored and should not be granted unless it appears certain that the petitioners would not be entitled to an order for relief under any facts they could prove in support of their allegations. The petition is to be construed in a light most favorable to the petitioners, whose allegations are taken as true.").

It is this "rigorous standard of the *Conley* test" that appears to have been modified by the Supreme Court recently, in ***Bell Atlantic Corp. v. Twombly***, _____ U.S. _____, 127 S.Ct. 1955 (2007). In ***Bell Atlantic***, the Court expressly rejected the "no set of facts" language in *Conley* and substituted instead a "plausibility" standard: a complaint must state sufficient facts that plausibly suggest (rather than being merely consistent with) the plaintiff's entitlement to relief. Specifically, the Court criticized those decisions that have interpreted the "no set of facts" language in *Conley* literally and in isolation as creating a standard under which "any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings . . ." *Id.* at _____, 127 S.Ct. at 1968.

While rejecting the particular language used by the **Conley** Court as it had been subsequently interpreted and applied by some courts, the **Bell Atlantic** Court nevertheless insisted that **Conley** had merely been misunderstood and that it was not establishing a new, more stringent standard.  Instead, the Court stated that its "analysis comports with this Court's statements in the years since **Conley**." Indeed, much of the analysis in **Bell Atlantic** does not differ significantly from how courts have applied Rule 12(b)(6) in the past:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," **Conley v. Gibson**, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, **Federal Practice and Procedure** § 1216, pp. 235-236 (3d ed. 2004) . . . ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ...

*Id.* at _____, 127 S.Ct. at 1964-65 (citations and footnote omitted).  Further, although the **Bell Atlantic** Court was examining an action brought under the Sherman Act, it noted that "for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in *detail* the facts upon which he bases his claim,'" *Id.* at _____, 127 S.Ct. at 1965, *quoting, with emphasis added,* **Conley v. Gibson**, 355 U.S. 41, 47 (1957).

It is well-established that, "Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief." **Black v. First Nat. Bank of Mobile, Ala.,** 255 F.2d 373, 375 (5th Cir. 1958) (also noting that "[a]bsent from this rule is the old requirement of common law and code pleading that the pleader set forth 'facts' constituting a cause of action") (internal quotations omitted), *citing* **John Walker & Sons v. Tampa Cigar Co.**, 197 F.2d 72, 73 (5th Cir. 1952).  Rule 8(a), of course,

prescribes the general rules of pleading for claims for relief and is incorporated and made applicable to an involuntary proceeding under Fed.R.Bankr.P. 1018. *See also In re Alta Title Co.,* 55 B.R. 133, 141-42 (Bankr. Utah 1985) ("While it is conceivable that an involuntary petition might be so clearly defective on its face as to warrant dismissal, generally it should be treated with the same liberality as a civil complaint.") (footnotes omitted); ***In re Longhorn 1979-II Drilling Program***, 32 B.R. 923, 926 (Bankr. Okla. 1983) ("An involuntary petition for bankruptcy is considered with all the liberality of the usual civil complaint."), *citing **Abramson v. Boedeker***, 379 F.2d 741 (5th Cir.), *cert. denied,* 389 U.S. 1006 (1967) (same, with respect to the Bankruptcy Act's provisions on involuntary filings).

In ***Bell Atlantic***, however, the Court noted that:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also 'grounds' on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Id.* at _____, 127 S.Ct. at 1965 n.3.

With this background in mind, then, the Court examines the Petitioner's pleading in this case for its sufficiency.  Specifically, Debtor alleges that the Petitioner's use of Official Form 5 for an Involuntary Petition, without further detail or support, is insufficient in this case (and perhaps in all cases, given the language of the Form) to state a prima facie case for relief under the Involuntary Petition.

The Form, as completed by Petitioner by the checking of applicable boxes, states only that:

⊠ Petitioner(s) are eligible to file this petition pursuant to 11 USC § 303(b).

⊠ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.

⊠ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount . . . .

On the second page of the Form, where it is asked to list information about all the petitioning creditors, Petitioner has listed only itself, has inserted "Fees for professional services rendered" under the heading of "Nature of Claim," and has listed $218,613.21 under the heading "Amount of Claim."

Movant specifically contends that the Petition as so "drafted" does not allege facts showing that Petitioner's claim is not contingent or subject to a bona fide dispute as to liability or amount.

It is true, in general, for purposes of a Rule 12(b)(6) motion, that "[a]lthough complaint is to be liberally construed, it is still necessary that complaint contain more than bare assertions of legal conclusions." *Emery v. U.S.*, 920 F. Supp. 788 (W.D. Mich. 1996). Official Form 5 does contain only conclusions as to the "not contingent" and "not subject to a bona fide dispute" allegations of § 303(b)(1). The factual allegations necessary to support an involuntary petition, however, are relatively few and relatively simple (in concept at least, if not in proof). The Petition in this case shows that Petitioner asserts a claim, shows the amount of the claim and the nature of the claim and, through reference to § 303(b), incorporates allegations that address that section's requirements that the claim not be contingent nor the subject of a bona fide dispute.

Addressing facts similar to those in this case, the District Court in *In re McDougald*, 17 F.R.D. 2 (W.D. Ark. 1955), also considered an involuntary petition (albeit one brought under the Bankruptcy Act) that contained only allegations of the amount and nature of the claims of the petitioners. The *McDougald* Court affirmed the bankruptcy referee's decision to deny the motion to dismiss, specifically holding that "in the absence of affidavits or evidence to the contrary, the well pleaded allegations of the creditors' petition, for purposes of a motion to dismiss, must be accepted as true." *Id.* at 5. This Court agrees.

Moreover, the allegations that the claim is not contingent and is not the subject of a bona fide dispute are obviously both negative statements, such that the factual allegations necessary to support them would consist not of reciting facts, but rather of reciting the absence of facts indicating a

12

contingency or a bona fide dispute. Such a showing requires no more, really, than an allegation that the claim is not contingent nor the subject of a bona fide dispute. That allegation may reasonably be inferred by the absence of facts that show there is some contingency or bona fide dispute. *Id.* At the least, by expressly alleging on the Official Form that it is eligible to be a petitioning creditor under § 303(b)(1), the Petitioner has incorporated that section's language to an extent that it should be considered to have made the allegation that its claim is not contingent nor subject to a bona fide dispute. Simply put, there is not much more the Petitioner could have said, and to require it to file a separate pleading with the words "the claim is not contingent nor the subject of a bona fide dispute" is to elevate form over substance in order to dispose of the matter on a procedural basis. There is a strong policy in favor of deciding litigation on the merits. *See Madison v. Purdy*, 410 F.2d 99 (5th Cir. 1969) (a motion to dismiss on the basis of pleadings alone should rarely be granted); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (noting, in the context of a Rule 12(b)(6) motion, "the well-established policy that the plaintiff be given every opportunity to state a claim"); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").[1]

---

[1] *Accord*, *Maty v. Grasselli Chemical Co.*, 303 U.S. 197, 200 (1938) ("Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."); *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.") (footnotes omitted); *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998) (noting, in the context of a motion for default judgment, that there is "a strong policy in favor of decisions on the merits"), *citing* 10 Wright, C.A. et al., **Federal Practice & Procedure** § 2681, at 402 (2d ed. 1983); *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 990 (5th Cir. 1989) (noting, in the context of a motion to dismiss or transfer venue, "the policy of deciding disputes on the merits" and "the jurisprudential policy 'of removing whatever obstacles may impede an expedient and orderly adjudication of cases and controversies on their merits.'"), *quoting Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Moreover, Petitioner's use of Official Form 5 differs qualitatively from a litigant's use of one of the forms found in the Appendix to the Federal Rules of Civil Procedure.[2] The latter are expressly illustrative only, and "plainly demonstrate" that "all the Federal Rules of Civil Procedure require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (footnote omitted); *see also Employers' Mut. Liability Ins. Co. of Wis. v. Blue Line Transfer Co.*, 2 F.R.D. 121, 123 (W.D. Mo. 1941) (the forms for complaints prescribed by the United States Supreme Court in adopting the Federal Rules of Civil Procedure "do not dispense with the necessity, as occasion may require, for a statement of certain details or particulars *which would enable the defendant more readily to prepare and file a responsive pleading"*) (emphasis added).

In contrast, the Official Forms promulgated in conjunction with the Federal Rules of Bankruptcy Procedure are, if not entirely and absolutely mandatory, certainly "expected" to be used by practitioners. Federal Rule of Bankruptcy Procedure 9009 provides that "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate." The instructions that accompany the Official Forms, however, note that "alteration will be appropriate in only rare circumstances." Introduction and General Instructions to Official and Procedural Bankruptcy Forms (also noting that, although the rule of substantial compliance applies, "[t]he Official Forms, accordingly, are obligatory in character"); *see also* Resnick, A., **Collier on Bankruptcy**, ¶ 1002.02[1], p. 1002-3 (15th ed. 2007) ("The petition

---

[2] There are a few other areas of the law besides bankruptcy, however, in which a litigant's use of an official form for a complaint under the Federal Rules of Civil Procedure also need not be supplemented by specific facts. *See e.g., McZeal v. Sprint Nextel Corp.*, 2007 WL 2683705, *2 (Fed. Cir. 2007) (applying standards used by the Fifth Circuit in addressing Rule 12(b)(6) motions and noting that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent" but may limit itself to Official Form 16 for its complaint).

commencing a case must conform to the appropriate Official Bankruptcy Form promulgated by the Judicial Conference of the United States.").

The relatively few courts that have addressed practitioners' changes to the Official Forms do not encourage that practice, emphasizing the need for uniformity and noting the many constituencies involved in reviewing and extracting information from the Forms. For example, in ***In re Mitchell***, 255 B.R. 345, 363 (Bankr. D. Mass. 2000), where the court found that the debtors' affairs were not so complex that they warranted altering the Official Forms, it inferred from their failure to use those Forms that they intended to confuse rather than enlighten parties in interest about their economic circumstances. In ***In re Orrison***, 343 B.R. 906, 909 (Bankr. N.D .Ind. 2006), the court examined an altered form of the voluntary petition, and warned against "[a]lterations that 'confuse[ ] and confound[ ] a streamlined administrative process,' . . . or which frustrate "a quick and easy comprehension of the information presented,'" noting generally that "[a]lthough Rule 9009 allows alterations to the official forms, that does not give parties a free pass to make whatever changes they want whenever they want to do so."

Admittedly, these cases involved alterations of the Official Forms that omitted and/or rearranged and/or obscured the information prescribed by the Official Forms, unlike the instant case involving the supplementation of that information. They nevertheless illustrate the courts' general approach to the use of the Official Forms–at a minimum, their use is strongly preferred, and their legal sufficiency is generally assumed–an assumption shared by not only the courts and the clerks but also by the parties. As the court in ***In re Mack,*** 132 B.R. 484, 484-85 (Bankr. M.D. Fla. 1991) noted:

> Although F.R.B.P. 9009 permits flexibility in the arrangement of the contents and allows combinations of forms to permit economies in their use, the petition, schedules, and statements filed by a debtor must nevertheless substantially comply with and conform to the official forms. Advisory Committee Note to F.R.B.P. 9009. The forms of petition, schedules, and statements filed by the debtors in these cases fail

this test of substantial compliance as to both their form and their content. They are therefore legally insufficient and unacceptable.

In addition, a review of the history of the Federal Rule of Bankruptcy Procedure governing petitions and involuntary filings supports the conclusion that the use of the Official Form in this case should be found sufficient to overcome the Rule 12(b)(6) challenge.  The 1983 version of Rule 1003 governed the filing of an involuntary petition, and required substantial compliance with the then applicable Official Form for an Involuntary Petition:

**Rule 1003. Involuntary Petition; Case Ancillary to Foreign Proceeding.**
(a) Commencement.  A petition commencing an involuntary case shall be filed with the bankruptcy court and shall conform substantially to Official Form 11.

The Advisory Committee Notes to the 1983 version of Rule 1003 further provided that

Official Form No. 11 (Involuntary Case: Creditors' Petition), is prescribed for use by petitioning creditors to have a debtor's assets liquidated under chapter 7 of the Code or the business reorganized under chapter 11. *It contains the required allegations as specified in § 303(b) of the Code.* Official Form 12 is prescribed for use by fewer than all the general partners to obtain relief for the partnership as governed by § 303(b)(3) of the Code and Rule 1004(b).

Advisory Committee Notes (1983) to Fed.R.Bankr.P. 1003 (*emphasis added*).  The allegations in now abrogated Official Form 11 that addressed the eligibility requirements set forth in § 303(b) are the same as those in the current Involuntary Petition Official Form 5.  Although the Advisory Committee Notes to the current Form now also acknowledge that "[p]etitioners may wish to supplement the allegations set forth in the form with a further statement of facts," the Form used by Petitioner in this case seems to have been intended, at least by its drafters, to be generally legally sufficient to allege a petitioner's eligibility as part of its cause of action for involuntary relief.

Further, when an allegation in the involuntary petition was perceived to need additional factual support, the drafters of the Rules did expressly require that supplementation.  Current Rule 1003, which now addresses the filing of involuntary petitions by transferees of claims, requires that the Official Involuntary Petition Form be supplemented to allege facts regarding the transfer to

16

support the allegation that the petitioner is "qualified."  Fed.R.Bankr.P. 1003(a) ("A transferor or transferee of a claim shall annex to the original and each copy of the petition a copy of all documents evidencing the transfer, whether transferred unconditionally, for security, or otherwise, and a signed statement that the claim was not transferred for the purpose of commencing the case and setting forth the consideration for and terms of the transfer.").  This requirement to supplement contrasts with the absence of any express requirement of, or even  reference to, supplementation of the Official Form with regards to the allegation of a petitioner's general eligibility under § 303(b), further supporting the conclusion that the Official Form's allegations as to those requirements are sufficient at this stage of the proceedings.

Moreover, nothing in *Bell Atlantic* alters the general rule that, in considering a pleading challenged under Rule 12(b)(6), "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).  This Court finds that, considering all of the foregoing and when viewed in the light most favorable to a petitioner, a properly completed Official Form 5, Involuntary Petition, will generally satisfy the notice requirements under Rules 7008, 1011, and 1018.  As the Advisory Committee Notes to the Official Form state, "[a]dditional information concerning any allegation can be requested by the debtor as part of the discovery process."  The Court agrees with Movant and the Advisory Committee Notes to the Form that, in some instances and for some allegations, the better practice may be, and the petitioner "may wish," to attach to the Official Form a pleading with more specific facts.  The Court holds, however, that on its face the Petition in this case is not so deficient as to fail to give notice to Movant of Petitioner's claim to relief and that, therefore, the Petition should not be dismissed as facially insufficient.

## Dismissal for Failure to State a Claim:
## Whether the Petition Is Deficient in Light of Evidence Outside its "Four Corners"

Movant also contends that, because of the nature of an involuntary petition as compared to a complaint in "ordinary" litigation, the hearing on a Rule 12(b)(6) motion to dismiss an involuntary petition–whether considered as such or converted to a motion for summary judgment–is necessarily an evidentiary hearing.[3]  It argues that, when the evidence presented at the hearing is considered, the Debtor has failed to sustain its burden of proof on the Motion to Dismiss.

As discussed above, Movant points to two cases in particular as supporting its argument that a Rule 12(b)(6) motion on an involuntary petition requires an evidentiary hearing:  *In re Silverman*, 230 B.R. 46 (Bankr. D. N.J. 1998) and *In re Iroquois Brands, Ltd.*, No. 91-01018, 1991 WL 639359, 1991 Bankr. LEXIS 1915 (Bankr. S.D. Tex. March 7, 1991), *vacated by* 1991 Bankr. LEXIS 2238 (Bankr. S.D. Tex. May 24, 1991).  While those courts did consider extrinsic evidence on the Rule 12(b) motions, there is no indication there was any dispute over that procedure nor any allegation of lack of notice or surprise.  Rather, it appears that both sides presented evidence without raising the question of its appropriateness at that stage of the proceedings.

---

[3] As pointed out by Movant, Rule 12 authorizes the court to convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment if matters outside the pleadings are considered.  Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

That Rule also provides, however, that the court should not so convert a motion absent notice and compliance with the procedural safeguards afforded summary judgment practice under, in this case, Fed.R.Bankr.P. 7056.  *Accord, Capital Films Corp. v. Charles Fries Productions, Inc.*, 628 F.2d 387, 391 fn.1 (5th Cir. 1980) ("It is a well established rule in this circuit that a motion to dismiss, under Rule 12(b), when treated as a motion for summary judgment, must also abide by the procedural safeguards of Rule 56."); *see also Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980) ("parties are entitled to 10 days notice that a 12(b)(6) motion is being treated as a Rule 56 motion for summary judgment.").  Because those procedures were not followed in this case, the Court will not convert the Rule 12(b)(6) motion to a motion for summary judgment.

Even if the Court were to consider evidence beyond the pleadings, however, it would nevertheless still find that the Motion to Dismiss should be denied. First, while Movant pleaded and argued at the hearing that there was a dispute regarding the Petitioner's claim, the Court admitted no exhibits and Movant offered no testimony in support of that argument. It did, however, point to a number of pleadings, orders, and documents filed in a previous voluntary bankruptcy case filed by the Debtor, Case No. 07-10041, and requested the Court, in the Motion to Dismiss and at the hearing, to take judicial notice of those. Even under the liberal approach applicable to decisions on Rule 12(b)(6) motions, the court considers facts of which it takes judicial notice. *Gersten v. Rundle*, 833 F.Supp. 906 (S.D. Fla. 1993), *aff'd,* 56 F.3d 1389 (11th Cir. 1995), *cert. denied,* 516 U.S. 1118 (1996) (for purposes of Rule 12(b)(6), the court does not accept as true facts alleged in a petition that are internally inconsistent, or run counter to facts of which court can take judicial notice, or when they are merely conclusory allegations or unwarranted deductions of fact).

In particular, Movant referred the Court to docket entries # 66, 76, 90, 95 in the earlier case, as well as the exhibits to those documents, as supportive of its argument that the Debtor was not a party to any retention agreement with the Petitioner, and that therefore is not liable for the attorneys fees that Petitioner claims are owed it for representing the Debtor (and others). The pleadings and documents Movant asks the Court to take notice of, however, show at best only that the Debtor needed the authority of a certain percentage of its partners to retain counsel. The only "evidence" that such authority was not obtained by Petitioner is Movant's bare, unsupported allegation in its Motion to Dismiss and its counsel's statement at the hearing.[4] In short, the court finds that,

---

[4] The Debtor did file, after the hearing, a pleading styled "Advisory on Petitioner's (Mis)representations, Reply Brief Supporting Debtor's Motion to Dismiss & Request for Relief under § 303(i)." Attached to that pleading are copies of a number of documents that relate to Movant's arguments regarding whether the Debtor properly authorized the Petitioner's retention and therefore should be required to pay for its services. Those attached documents are not authenticated, however, and no foundation for their admissibility has otherwise been presented. For that reason, and because the hearing was concluded and the Court had not granted leave to

considering these documents, Movant has failed to sustain its burden of producing some evidence of a bona fide dispute, or at least pointing out to the court that there is an absence of evidence to support Petitioner's allegation that its claim is not subject to a bona fide dispute.

Movant has also pointed, however, to docket entry # 27 in case no. 07-10041, which is its Objection to Petitioner's claim filed in that case.  In that Objection, the Debtor appears to admit that it retained Petitioner but claims that the charges were excessive in light of the agreement between the parties and the quality of the work performed, and that the Petitioner breached its duty of care in representing Movant and so caused it damages in excess of the amount of Petitioner's claim.  All of these allegations are, of course, highly fact-intensive inquiries.

In response to Movant's argument regarding its Objection to the claim, Petitioner's counsel, who in addition to being an officer of the court is, according to the face of the Petition, a partner and authorized representative of the Petitioner, stated at the hearing that a portion of the claim has not been disputed at all, and that such amount exceeds the amount necessary under § 303(b)(1) to qualify Petitioner as an eligible petitioning creditor.  That statement was not rebutted by any evidence presented by the Movant.  The court finds that, considered at this stage of the proceedings in the light most favorable to the Petitioner (the applicable Rule 12(b)(6) standard), that Petitioner's representative's in-court statement is some evidence that the claim is not subject to a bona fide dispute.[5]

More important, however, is the fact that Petitioner's proof of claim in the earlier case has a presumption of prima facie validity.  Fed.R.Bankr.P. 3001(f) ("A proof of claim executed and filed

---

offer additional evidence, it has considered the Movant's post-hearing pleading only as additional briefing and has not considered either the factual statements in the Advisory that are not supported by the record, nor the attached documents, as evidence.

[5] Nothing in this decision, however, should be construed as indicating such proof would be sufficient at a trial on the merits of the Petition, however.

in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). That presumption is overcome only if sufficient *evidence* is presented by the objecting party. *In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206, 212 (5th Cir. 1983) ("A claim filed pursuant to § 501 enjoys prima facie validity which may be overcome by the trustee's presentation of evidence.") (emphasis added); *see also, In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998) ("If the Trustee objects, it is his burden to present enough evidence to overcome the prima facie effect of the claim."); *accord, In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) ("The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail."). The mere filing of an objection to the claim, without supporting evidence, is not enough. *In re Sims*, 994 F.2d 210, 222 (5th Cir. 1993), *cert. denied sub nom, Sims v. Subway Equipment Leasing Corp.*, 510 U.S. 1049 (1994) (holding that the alleged debtor's "mere filing of such counterclaims against the [petitioning] creditors is insufficient to demonstrate the existence of a bona fide dispute" let alone any bad faith of the petitioners); *accord, In re Medical Group, Inc.*, 2005 WL 4677807, *2 (Bankr. E.D. La. 2005) ("Generally, the existence of pending litigation between the debtor and creditor does not make the claim subject per se to bona fide dispute."). In this case, the Debtor's Objection to the Petitioner's proof of claim was never tried or ruled on before that bankruptcy case was dismissed. Under these circumstances, the Court finds that Movant's Objection in the prior case to Petitioner's claim does not rebut, for purposes of a Rule 12(b)(6) motion, the latter's allegation that its claim is not subject to any bona fide dispute.

Moreover, this standard only makes sense at this stage of the proceedings. On a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005), *quoting Scheuer v. Rhodes*, 416 U.S. 232 (1974). A petitioner's burden should not be as high on a pre-trial motion to dismiss as it would be at the trial on the involuntary petition. All

it must show at trial is "a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. . . . The court's objective [at trial on the merits] is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute." *Sims*, 994 F.2d at 221, *quoting* **In re Rimell**, 946 F.2d 1363, 1365 (8th Cir. 1991). Certainly, to merely withstand a Rule 12(b)(6) motion, a petitioner should not be required to prove by a preponderance of the evidence that its claim is valid, when the only "evidence" that it is not are the allegations and arguments of the alleged debtor contained in pleadings never ruled on.

Accordingly, the Court finds that even considering the evidence presented by Movant, the Petition is sufficient to state a claim for relief within the meaning of Rule 12(b)(6).

### Summary and Conclusion

Finally, the Court notes that the purposes of Rule 12(b) are not necessarily served by dismissal of a contested involuntary petition prior to a trial on the merits. One of the purposes of Rule 12(b)(6) motions is to quickly, inexpensively, and efficiently dispose of litigation that on its face is clearly meritless. *Bell Atlantic*, _____ U.S. at _____, 127 S.Ct. at 1966 ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, '"this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court"'"), *quoting* 5 **Wright & Miller** § 1216, at 233-234, *in turn quoting* **Daves v. Hawaiian Dredging Co.**, 114 F.Supp. 643, 645 (D. Hawai'i 1953)); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989) (the procedure of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding"). In this case, however, the Rule 12(b)(6) procedures, rather than enabling a swifter disposition of the litigation, at best duplicate the already streamlined procedures applicable to involuntary petitions in bankruptcy, which themselves expressly call for prompt adjudication. *See* Fed.R.Bankr.P. 1013 ("The court shall determine the issues of a contested petition at the earliest

22

practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order."); *see also* Fed.R.Bankr.P. 1011(d), (e) (prohibiting counterclaims by alleged debtors and limiting pleadings that may be filed prior to adjudication of the petition in an involuntary proceeding). Therefore, while the use of Rule 12 is *allowed* in the context of an involuntary petition, its benefits in this context appear to be limited, and the Court finds that the better approach (and one consistent with the policy of disposing of litigation on the merits) for issues such as those raised by the Motion to Dismiss here, is a prompt trial on the merits.

Based on all of the foregoing, the Court holds that the Motion to Dismiss should be denied. An order consistent with these findings and conclusions shall be entered.

#   #   #